TERRI T. OKAMURA, Plaintiff-Appellant,
v.
C.T.C. CONSTRUCTION COMPANY, a Hawaii corporation, and HYUNDAE PLUMBING, Defendants-Appellees, and
HERMAN Y. HO; DOE INDIVIDUALS 1-20; DOE CORPORATIONS 1-20; and DOE ENTITIES 1-20, Defendants AND
TERRI T. OKAMURA, Plaintiff,
v.
C.T.C. CONSTRUCTION COMPANY, LIMITED, a Hawaii Corporation, and STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation; DOE INDIVIDUALS 1-20, DOE CORPORATIONS 1-20; and DOE ENTITIES 1-20, Defendants.
No. 28412.
Intermediate Court of Appeals of Hawaii.
January 12, 2009.
On the briefs: Junsuke Otsuka, Matthew Grieder, (Otsuka & Buffington) for Plaintiff-Appellant.
Arthur S.K. Fong, Peter C.K. Fong, (Fong & Fong), for Defendant-Appellee C.T.C. Construction Company, Limited.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.
Plaintiff-Appellant Terri T. Okamura (Okamura) appeals from the Judgment filed on January 24, 2007 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered judgment confirming an arbitration award in favor of Defendant-Appellee C.T.C. Construction Company, Limited (CTC)[2] and against Okamura.
On appeal, Okamura argues that the circuit court erred in (1) confirming the arbitration award, where the Arbitrator exceeded the scope of arbitration by reviewing a nonarbitrable issue, and (2) increasing CTC's award amount of $1,014.64 to $3,514.64 where there was no evidence to support the increase. Okamura asks this court to vacate the Judgment and remand with instructions to require the Arbitrator to increase Okamura's award by $5,300 and determine reasonable costs.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory a.nd case law, we resolve Okamura's points of error as follows:
(1) The circuit court did not err in confirming the arbitration award because the Arbitrator did not exceed the scope of the arbitration agreement. "The scope of an arbitrator's authority is determined by the relevant agreement." Hamada v. Westcott, 102 Hawai'i 210, 214, 74 P.3d 33, 37 (2003) (internal quotation marks, citation, and brackets omitted). The relevant agreement in this case is the Deposit Receipt Offer and Acceptance (DROA), which contains the arbitration clause. It is undisputed that the DROA made reference to the Option Work Order, which provided for the air conditioning (AC) installations at issue. Where the parties stipulated to arbitrate all disputes arising out of the DROA, the AC installations issue was indeed within the scope of the Arbitrator's authority.
That the AC installations issue did not come up until the hearing does not affect our holding. Okamura contends the scope of an arbitration is limited to the issues presented in the pre-hearing briefs and because the AC installation claim was not included in the pre-hearing briefs, the inclusion of this claim was error.
In this case, it is undisputed that the AC installation issue was discussed during the hearing and in the parties' post-arbitration briefs. Accordingly, we hold the circuit court did not err in confirming the arbitration award.
(2) The circuit court did not err in awarding CTC $3,514.64. Pursuant-to the DROA, which gave the Arbitrator the authority to award reasonable attorney's fees and costs to the prevailing party, the Arbitrator ordered Okaraura to pay costs of $2,779.89 and arbitration expenses as directed by Dispute Prevention & Resolution, Inc., in addition to the Final Arbitration Award of $1,014.64, to CTC. Consistent with the Arbitrator's Final Arbitration Award, the circuit court included the arbitration costs of $2,500.00 to be paid by Okaraura. The circuit court awarded CTC costs of $5,279.89, less Okamura's award of $1,765.25, for a total judgment in favor of CTC of $3,514.64.
Therefore,
The Judgment filed on January 24, 2007 in the Circuit Court of the First Circuit is affirmed.[3]
NOTES
[1] The Honorable Victoria S. Marks presided.
[2] In CTC's Answering Brief, counsel fails in the Statement of the Case to set forth record references for each statement of fact or mention of court or agency proceeding, as required by Hawai'i Rules of Appellate Procedure (HRAP) Rule 2 8 (b)(3). Counsel are warned that future non-compliance with HRAP 2 8 may result in sanctions against them.
[3] CTCs request for sanctions, including attorney's fees, in connection with this appeal is denied,